## THE STATE V. BARNES.

1. MISDEMEANORS : *Hiring out convict for fine and cost.*
Under the provisions of the 4th section of the Act of March 10, 1877, one convicted of a misdemeanor may be hired for as much as can be got for him—not less than seventy-five cents a day; but the Court can not *require* a greater hire per day than the *minimum* fixed by the statute, nor direct that the hiring be for a less number of days than one for every seventy-five cents of the fine and cost.

APPEAL from *Franklin* Circuit Court.
Hon. G. S. CUNNINGHAM, Special Judge.

### STATEMENT.

In June, 1881, Dick Barnes was convicted, in the Franklin Circuit Court, of gaming, and fined ten dollars ; for which, and the cost, judgment was rendered against him ; and it was ordered by the Court that, in default of payment, the Sheriff hire him out at a sum not less than one dollar and fifty cents per day ; and, in default of hiring, said fine and cost should be discharged by imprisonment for one day for each one dollar and fifty cents of said fine and cost.    From this judgment the State appealed.

The State v. Barnes.

*C. B. Moore, Attorney-General,* for the State :

The first judgment, though perhaps not technically perfect in verbiage, was sufficient. The words " otherwise · satisfied or discharged according to law," includes all the Statute requires in reference to *hiring out,* etc.

The second judgment was erroneous, in that it directed defendant to be hired out for a sum *not less than $1.50 per day,* or in default, be imprisoned *one day for each $1.50 of said fine and costs.*

HARRISON. J. When a person convicted of a misdemeanor is, under the provisions of the Act of March 10th, 1877, ordered to be hired out for the payment of the fine and costs, the term for which he may be hired out, as provided in the fourth section of the act, can not " exceed one day for each seventy-five cents of the fine and costs."

If the hirer shall agree to pay more than seventy-five cents a day, the term may be less, and it is the duty of the officer to get as much as he can. It does not, however, follow that the court can require a greater hire per day than the minimum fixed by the Statute, or direct that the hiring be for a less number of days than one for every seventy-five cents of the fine and costs. *Griffin* v. *The State, ante.*

It was error, therefore, to limit the term for which the defendant was to be hired, to one day for every dollar and a half of the fine and costs ; and so much of the judgment is reversed, and the cause is remanded to the court below, with instructions to make such order in relation to the hiring as shall be in accordance with law, and as indicated in this opinion.